IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW RICHARDSON,

    Plaintiff,

v.

Case No. 26C0595

CITY OF MILWAUKEE, et al.,

    Defendants.

## DISTRICT ATTORNEY DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants Matthew Torbenson and John Chisholm (hereinafter collectively referred to as the "D.A. Defendants"), through their attorneys Wisconsin Attorney General Joshua L. Kaul and Assistant Attorney General Daniel Peters, and hereby move the Court for an order of dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for improper service of process (as to Defendant Torbenson), failure to state a claim, prosecutorial immunity, and qualified immunity and such other grounds as stated in the accompanying Brief..

The grounds for this motion are set forth in the D.A. Defendants' accompanying Brief in Support of District Attorney Defendants' Motion to Dismiss.

Plaintiff is notified that this motion is based on Fed. R. Civ. P. 12, a copy of which is attached to this motion, along with a copy of Fed. R. Civ. P. 56. In addition, accompanying this motion is a copy of E.D. Wis. Civ. R. 7, E.D. Wis. Civ. R. 12 and E.D. Wis. Civ. R. 56.

Plaintiff is further notified that affidavits and any other documents accompanying this motion are incorporated by reference herein. Any factual assertion in the declarations (and other admissible proof) submitted or referred to in support of the State Defendants' motion will be accepted by the judge as true unless you submit affidavits or declarations or other admissible documentary evidence contradicting such assertion. Failure to oppose the District Attorney Defendants' declarations (or other admissible proof) with your own affidavits or declarations (or other admissible proof) may result in entry of judgment against you.

Dated July 7, 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Daniel B. Peters
DANIEL B. PETERS
Assistant Attorney General
State Bar #1132126

Attorneys for Cain, Gerol, Muehlbauer,
Williams, Lindo and State of Wisconsin

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6218
(608) 294-2907 (Fax)
petersdb@doj.state.wi.us

2

# RULES APPENDIX

## FED. R. CIV. P. 12. DEFENSES AND OBJECTIONS: WHEN AND HOW PRESENTED; MOTION FOR JUDGMENT ON THE PLEADINGS; CONSOLIDATING MOTIONS; WAIVING DEFENSES; PRETRIAL HEARING

Available at: https://www.law.cornell.edu/rules/frcp/rule_12

(a) TIME TO SERVE A RESPONSIVE PLEADING.

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

(2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

(3) *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

(4) *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

3

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite

4

statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g) JOINING MOTIONS.

(1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.

(2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h) WAIVING AND PRESERVING CERTAIN DEFENSES.

(1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

(2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);

(B) by a motion under Rule 12(c); or

(C) at trial.

5

(3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) HEARING BEFORE TRIAL. If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

## 1. NOTES

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

Case 2:26-cv-00595-BHL    Filed 07/07/26    Page 6 of 15    Document 19

# FED. R. CIV. P. 56. SUMMARY JUDGMENT

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

7

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

    (4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

    (1) grant summary judgment for a nonmovant;

    (2) grant the motion on grounds not raised by a party;or

    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

# EASTERN DISTRICT OF WISCONSIN LOCAL RULES

## Civil L. R. 7. Form of Motions and Other Papers.

(a) Form of Motion and Moving Party's Supporting Papers. Every motion must state the statute or rule pursuant to which it is made and, except for those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), must be accompanied by:

> (1) a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or

> (2) a certificate stating that no memorandum or other supporting papers will be filed.

(b) Non-Moving Party's Response. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited NonDispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion. Failure to respond to the motion may result in the Court deciding the motion without further input from the parties.

(c) Reply. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), the moving party may serve a reply memorandum and other papers within 14 days from service of the response memorandum.

(d) Sanction for Noncompliance. Failure to comply with the briefing requirements in Civil L. R. 7(a)-(b) may result in sanctions up to and including the 21 Court denying or granting the motion. Sanctions remain available under General L. R. 83(f).

(e) Oral Argument. The Court will hear oral argument at its discretion.

(f) Length of Memoranda. Subject to the limitations of Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice) and Civil L. R. 56 (Summary Judgment Motion Practice), the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and reply briefs must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

(g) Modification of Provisions in Particular Cases. The Court may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.

(h) Expedited Non-Dispositive Motion Practice.

(1) Parties in civil actions may seek non-dispositive relief by expedited motion. The motion must be designated as a "Civil L. R. 7(h) Expedited NonDispositive Motion." The Court may schedule the motion for hearing or may decide the motion without hearing. The Court may designate that the hearing be conducted by telephone conference call. The Court may order an expedited briefing schedule.

(2) The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or declaration may not exceed 2 pages. The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

(3) The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se. 22

(i) Leave to file paper. Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

(j) Citations.

(1) With the exception of the prohibitions in Seventh Circuit Rule 32.1, this Court does not prohibit the citation of unreported or non-precedential opinions, decisions, orders, judgments, or other written dispositions.

(2) If a party cites an unreported opinion, decision, order, judgment or other written disposition that is not available in a publicly accessible electronic database, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition.

(3) Service of Copies on Pro Se Parties. If a party cites an unreported opinion, decision, order, judgment or other written disposition, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition on pro se parties regardless of whether it is available in a publicly accessible electronic database.

(k) Notice of Supplemental Authority. If pertinent and significant authorities relevant to an issue raised in a pending motion come to a party's attention after a party's final brief on the motion has been filed, the party may file a Notice of Supplemental Authority, attaching the new authority, without leave of the court. The Notice of Supplemental Authority may not contain any argument but may identify the page or section in the filed briefs to which the authority is relevant.

## Civil L. R. 12. Motions to Dismiss or Motions for Judgment on the Pleadings in Pro Se Litigation.

In litigation involving a pro se party where matters outside the pleadings are presented to the Court in conjunction with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the procedure set forth in Civil L. R. 56(a)(1) applies.

**Civil L. R. 56. Summary Judgment.**

(a) Pro Se Litigation.

(1) If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure: 41

(A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

(B) In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c),(d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.

(2) This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.

**(b) Additional Summary Judgment Procedures.** Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:

(1) Moving Party's Principal Materials in Support of Motion. With each motion for summary judgment, the moving party must file:

(A) a memorandum of law;

(B) a statement setting forth any material facts to which all parties have stipulated;

(C) a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;

(i) the statement shall consist of short numbered paragraphs, each containing a single material fact, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;

(ii) a moving party may not file more than 150 separately numbered statements of fact;

Case 2:26-cv-00595-BHL    Filed 07/07/26    Page 13 of 15    Document 19

(iii) failure to submit such a statement constitutes grounds for denial of the motion; and

(D) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

(2) Opposing Party's Materials in Opposition. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:

(A) a memorandum of law;

(B) a concise response to the moving party's statement of facts that must contain:

(i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

(ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts. Each separately-numbered paragraph shall be limited to one material fact; and

(C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

(3) Moving Party's Materials in Reply. A moving party may file within 14 days of the service of the opposing party's materials under subsection (b)(2), above:

(A) a reply memorandum;

(B) a reply to any additional facts submitted by the opposing party pursuant to subsection (b)(2) above, in the form prescribed in section (b)(2)(B)(i) above; and

(C) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c) submitted in reply.

(4) Effect of Uncontroverted Statements of Fact. The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment.

(5) Stipulated Facts. Parties are encouraged to stipulate to facts. Facts so stipulated will not count against any party's allotment of proposed facts and do not require references to evidentiary support.

(6) Citations to Facts in Memoranda. Assertions of fact in the parties' supporting memoranda must refer to the corresponding numbered paragraph of the statement of facts, statement of additional facts, or statement of stipulated facts.

(7) Prior Leave of Court Required to Increase the Number of Statements of Fact or Statements of Additional Fact. A party may not file any proposed statements of material fact or statements of additional fact in excess of the limit set forth in this rule unless the Court previously has granted leave upon a showing that an increase is warranted.

(8) Length of Memoranda.

(A) A principal memorandum in support of, or opposition to, summary judgment must not exceed 30 pages and a reply memorandum must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block).

(B) No memorandum exceeding the page limitations may be filed unless the Court previously has granted leave to file an oversized memorandum.

(9) Sanction for Noncompliance. Failure to comply with the requirements in this rule may result in sanctions up to and including the Court denying or granting the motion. Sanctions remain available under General L. R. 83(f).

(10) Collateral Motions. Collateral motions, such as motions to strike, are disfavored.