IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW RICHARDSON,

      Plaintiff,

      v.                        Case No. 26C0595

CITY OF MILWAUKEE, et al.,

      Defendants.

## BRIEF IN SUPPORT OF DISTRICT ATTORNEY DEFENDANTS' MOTION TO DISMISS

## INTRODUCTION

Defendants Matthew Torbenson and John Chisholm (hereinafter collectively referred to as the "D.A. Defendants") file this brief in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has failed to properly serve Defendant Torbenson, has failed to state a prima facie claim against the D.A. Defendants, and the D.A. Defendants are also entitled to prosecutorial immunity and qualified immunity. Furthermore, the only claim Plaintiff alleges against Defendant Chisholm is a Monell claim, which claim may not be made against the State or its employees.

## FACTS

For the limited purposes of this motion, the State Defendants accept any well pleaded facts in the Complaint as true.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." A motion to dismiss tests the sufficiency of the complaint; it does not determine the merits of the lawsuit. *See Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). To survive a Rule 12(b)(6) challenge, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that it "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (citation omitted).

Deciding a motion to dismiss, courts must accept the factual allegations as true, *see id.* at 572, in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013). However, a complaint cannot simply contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Rather, it must include specific allegations that, if true, make the plaintiff's claim for relief more than speculative. *See Twombly,* 550 U.S. at 555.

## ARGUMENT

Plaintiff has failed to properly serve Defendant Torbenson, failed to allege facts that state a valid claim against the D.A. Defendants, and the D.A. Defendants are entitled to prosecutorial immunity and qualified immunity. Furthermore, the only

claim against Defendant Chisholm is a Monell claim, which is a claim that may not be brought against the state or its employees or officials.

### I.  Plaintiff has failed to provide proof of good service as to Defendant Torbenson

Plaintiff has failed to file a proof of adequate service as to Defendant Torbenson. Fed. R. Civ. P. 4 requires a Plaintiff to serve a copy of the summons and complaint on each defendant and sets out the manner for service, which generally requires personal service. Plaintiff's Complaint should therefore be dismissed. Plaintiff's Return of Service (Dkt. 11, p. 3) provides that Torbenson was "Substitute served by leaving the summons . . . within the named person's usual place of business, to a person employed therein to wit: Minerva Saas. . . ." However, Fed. R. Civ. P. 4(e)(2) requires service of the summons and complaint either (a) personally, (b) "delivering a copy at the person's dwelling or usual place of abide with someone . . . who resides there," or (c) "delivering a copy to an agent authorized by appointment or by law to receive service of process." There is no indication that Minerva Saas was appointed to accept service of process on behalf of Defendant Torbenson, and Plaintiff's service is on its face inadequate to satisfy Fed R. Civ. P. (4)(e)(2) or (3). Plaintiff's claims against Torbenson should therefore be dismissed on that basis.

### II.  Plaintiff has failed to state a claim against the D.A. Defendants

A complaint is required to contain a short and plain statement showing that the Plaintiff is entitled to relief. *Twombly,* 550 U.S. at 545. As argued by the City Defendants, 42 U.S.C. § 1983 does not itself bestow any substantive rights—instead, it "provides a method for vindicating federal rights elsewhere conferred." *Davis v.*

*City of Indianapolis*, 656 F.Supp.3d 832, 839 (S.D. Ind. 2023) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). To make out a claim for relief under § 1983, a plaintiff must allege a deprivation of a right guaranteed by the Constitution or laws of the United States under color of state law. *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004). It is well-settled that "nothing in the language of the Due Process Clause … requires the state to protect the life, liberty, and property of its citizens." *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 195 (1989). Plaintiff identifies Defendant Chisholm as to Count I in his causes of actions, but Plaintiff's complaint alleges no act by Chisholm other than a failure to supervise, which is not sufficient to support a claim for state created danger against him.

### III.     The D.A. Defendants are entitled to prosecutorial immunity.

Plaintiff asserts claims against Defendant Torbenson and vicariously against Defendant Chisholm based on an alleged failures related to the updating of a database based upon the interpretation of court documents from a Mexican trial court and court of appeals.

State prosecutors enjoy absolute immunity from actions under Section 1983 for activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *accord Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016). "[In]itiating a prosecution" and "presenting the State's case" are core prosecutorial functions covered by absolute immunity. *Imbler*, 424 U.S. at 430.

4

A prosecutor's "motives are irrelevant to the absolute immunity question." *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018). "Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause." *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017). A "prosecutor is absolutely immune for acts taken in preparing for the initiation of judicial proceedings or for trial, including the professional evaluation of evidence assembled by the police." *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998).

Interpreting court documents falls within the scope of prosecutorial immunity, even if the interpretation of the documents is incorrect. Judicial proceedings are not limited to trials but rather include "'any hearing before a tribunal which perform[s] a judicial function.'" *Burns v. Reed*, 500 U.S. 478, 489–90 (1991) (quoting W. Prosser, Law of Torts § 94, at 826–27 (1941)). "In determining whether a particular action is entitled to absolute immunity, I consider its function and whether such function is "intimately associated" with the judicial rather than investigation phase of criminal proceedings." *Buckley*, 509 U.S. at 269–70 (citations omitted). Interpreting court documents falls within the bounds of judicial activity and the D.A. Defendants should be granted prosecutorial immunity for doing so.

## IV. The D.A. Defendants are entitled to qualified immunity.

"Qualified immunity protects government officials from damages liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Campbell v.*

*Kallas*, 936 F.3d 536, 545 (7th Cir. 2019) (citation omitted). This "demanding" standard "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018).

Although qualified immunity is "an affirmative defense," once it's raised, "the burden shifts to the plaintiff to defeat it." *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019). To do so, a "plaintiff must show two elements: first, that the facts show 'a violation of a constitutional right,' and second, that the 'constitutional right was clearly established at the time of the alleged violation.'" *Id.* A court has "discretion to choose which of the elements to address first." *Id.*

Here, Plaintiff alleges that he was improperly removed from the NCIC database, but he cannot show that case law establishing the removal clearly violated his constitutional rights, and for this reason the State Defendants should be dismissed from this action.

### V.      Plaintiff's *Monell* Claim against Defendant Chisholm should be dismissed.

Plaintiff's Count III is a claim for *Monell* liability against the City of Milwaukee and Defendant Chisholm. Constitutional claims under 42 U.S.C. § 1983 can only be pursued against a "person" and may not be pursued against the State. *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). A suit against a state official in his official capacity is a suit against the official's office, and no different from a suit against the State itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

In *Monell v. New York City Dep't of Social Servs.,* the Supreme Court held that municipalities and other local government units are "persons" suable under § 1983. 436 U.S. 658, 690 (1978). The Court has reiterated, however, that its holding in *Monell* was "limited to local government units which are not considered part of the State for Eleventh Amendment purposes." *Quern v. Jordan,* 440 U.S. 332, 338 (1979) (quoting *Monell,* 436 U.S. at 690 n. 54). Defendant Chisholm is not a local government unit, and as such, the *Monell* claim against him must be dismissed.

## CONCLUSION

For the reasons stated above, the Court should dismiss all claims against the D.A. Defendants.

Dated July 7, 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ Daniel B. Peters
DANIEL B. PETERS
Assistant Attorney General
State Bar #1132126

Attorneys for Defendants Chisholm and Torbenson.

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 264-6218
(608) 294-2907 (Fax)
daniel.peters@wisdoj.gov