ANDREW RICHARDSON,

        Plaintiff,

                                     Case No. 26-cv-595-bhl

      v.

CITY OF MILWAUKEE, et al,

        Defendants.

## ORDER

On April 8, 2026, Plaintiff Andrew Richardson, proceeding without an attorney, paid the filing fee and filed a complaint invoking 42 U.S.C. §1983 to allege violations of his substantive due process rights by Defendants Mathew Torbenson, John Chisholm, and Benjamin Smith.[1] (ECF No. 1.)  Richardson also invokes *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978) to hold the City of Milwaukee liable on a failure to supervise theory.  (*Id*.)  On June 24, 2026, Richardson filed a motion to recruit counsel, and, a week later, filed an "emergency motion to expedite recruitment of counsel."  (ECF Nos. 4 & 7.)   On July 7, 2026, Defendants filed motions to dismiss.  (ECF Nos. 16 & 19.)  On July 10, 2026, Richardson filed an amended complaint, (ECF No. 22), mooting the motions to dismiss, and a motion for an extension of time to serve Torbenson, (ECF No. 23).  The Court will deny Richardson's motions to recruit counsel but will grant his motion for an extension of time to serve Torbenson.

The Court has discretion to try to recruit a volunteer lawyer to help him pursue his civil lawsuit, but only if he shows he cannot afford to hire counsel.  *See* 28 U.S.C. §1915(e)(1); *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).  In support of his motion, Richardson invokes 28 U.S.C. §1915(e)(1) and asserts that he is indigent.  (ECF No. 4 at 2.)  This is factually incorrect.  Richardson paid the filing fee and did not move to proceed *in forma pauperis*.  Beyond his incorrect assertion, Richardson

---

[1] Robin Ortiz and Adam Riley, initially named defendants, have since been dismissed.  (ECF Nos. 10 & 21.)

has offered no evidence that he is in fact indigent.[2]  Accordingly, Richardson's motions to recruit counsel fail because he has not satisfied the first prerequisite for the Court to even consider recruiting counsel.  Moreover, Richardson does not satisfy the considerations before the Court when determining if recruiting counsel is appropriate.  The Court considers whether an indigent plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so and, if so, whether the plaintiff appears competent to litigate it himself, given the difficulty of the case.  *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019).  While Richardson indicates that he contacted three different law firms to represent him, none of the firms has a local presence, making it unlikely they would take on a representation in this Court.  (*See* ECF No. 4 at 2–3).  Moreover, Richardson appears to have simply submitted requests via email and received email declinations, one of which directed him to a resource that could assist him in finding an attorney.  (ECF No. 4-1 at 3.)  It does not appear that Richardson took that law firm's advice, and these do not appear to be good faith efforts to find and retain counsel.  Last, volunteer lawyers are a scarce resource, see *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014), and the Court does not believe this case warrants tapping into that resource, at least at this stage of the proceedings.  Richardson has shown himself able to communicate with the Court and make the necessary filings.  Recruiting counsel at this stage is not warranted.

The Court will, however, grant Richardson's motion to extend time to serve.  A defendant must be served within 90 days after a complaint is filed; otherwise, the Court must, upon motion or on its own after notice to the plaintiff, dismiss the action without prejudice or order that service be made within a specified time.  Fed. R. Civ. P. 4(m).  If the plaintiff establishes good cause for his failure to serve, the court must extend the time to serve.  *Id.*  Because Richardson filed his complaint on April 8, 2026, the time to serve Torbenson ran on July 7, 2026.  Richardson explains that he hired a third-party process server to serve Torbenson and that the process server served an administrative assistant that was authorized to accept service.  (ECF No. 23 at 1–2.)  Torbenson is in receipt of the complaint and has retained counsel, who filed a motion to dismiss based (in part) on failure to properly serve.  (ECF No. 23 at 2; ECF No. 19 at 1.)  Accordingly, Richardson argues that extending the timeline will not prejudice Torbenson and that he has established good cause to extend the time to serve.  (ECF No. 23 at 2.)  He therefore requests an additional ninety days to

---

[2] Richardson maintains that an attached declaration supports his asserted indigency, (ECF No. 4 at 2), but the declaration was not provided to the Court, (*see* ECF No. 4-1; *see also* ECF No. 1 at 62–68.)

serve Torbenson. (*Id.* at 3.) The Court agrees that Richardson established good cause and will therefore grant him an extension, albeit for forty-five days instead of ninety. Accordingly, Richardson will have forty-five days from the date of this Order to serve Torbenson.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motions to recruit counsel, ECF Nos. 4 & 7, are **DENIED**.

**IT IS FURTHER ORDERED** that the motions to dismiss, ECF Nos. 16 & 19, are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the motion for extension of time to serve Torbenson, ECF No. 23, is **GRANTED**. Richardson has until **August 27, 2026** to serve Torbenson. If Richardson does not serve Torbenson, that defendant may be dismissed without prejudice for failure to serve.

Dated at Milwaukee, Wisconsin on July 13, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge